OPINION of the Court, by
Ch. J. Hoyle.
Tins is an appeal fro in a judgment for the plaintiff in an action oí ejectment. The points made by the assignment of error' evidently merit but very little consideration. The only one which is at all relied on, is, that notice should have been given to the defendant to quit the possession before the action was brought.
Where the defendant holds the premises as tenant to the plaintiff, it is in same cases necessary to give notice to quit possession, in order to maintain an ejectment j but in this case the defendant does not hold as tenant to the plaintiff. The only evidence which he exhibited of his title, was a deed in fee for the land in controversy, from the late husband of the plaintiff, to which she was no pa¡ ty ; an:! she makes title to the land, not under her husband,' but in Iter own right. To say, therefore, that he was her tenant, would be a total perversion of the term. It would be using it in a sense wholly unwarranted, according to either its technical or popular acceptation. But w ere it admitted, as it wTas supposed in the argument, that he was tenant at sufferance, still we apprehend notice w ould not have been necessary in this case •, tor the doctrine requiring notice applies peculiarly to tenants at will, or as they are now' more usually called, tenants from year t3 year $ but where a lessee’s term expires ata fixed period, and he holds over, in which case he heroines a tenant at sufferance, notice is not necessary — Run. Ejeo. 92 and 102.
As to the point in relation to the refusal of the court below to appoint commissioners to value the improvements, it seemed to he abandoned in the argument, and no doubt correctly. The case dearly does not come within the provisions of the statute concerning occupying Claimants; and the appointment of commissioners for such purpose in an action at law, is a proceeding unknown to the common law.
The judgment mast be affirmed'with costs.